UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ETHAN D. SMITH and JENNIFER L. DEES,

                              **Plaintiffs,**

  vs.                                        1:25-cv-00199 (MAD/DJS)

LISA FISHER, et al.,

                              **Defendants.**
_____

**Mae A. D'Agostino, U.S. District Judge:**

## SUMMARY ORDER

      The Court has reviewed Plaintiffs' Application for Order to Show Cause/Motions for Reconsideration and Vacatur Pursuant to Federal Rule of Civil Procedure 60(b), Expedited Adjudication of the Pending Motion for Preliminary Injunction and an Emergency Temporary Restraining Order (TRO), Dkt. No. 29, and Plaintiffs' Application for an Order to Show Cause/Motion for Recusal, Dkt. No. 30.

      On February 19, 2025, the Court denied Plaintiffs' motion for an *ex parte* temporary restraining order.  *See* Dkt. No. 12.  Plaintiffs seek reconsideration of the Court's denial and request "an expedited ruling and hearing on Plaintiffs' pending Motion for Preliminary Injunction [Dkt. No. 1], which has been pending since February 11, 2025, and addresses ongoing irreparable harm and jurisdictionally void state court proceedings," as well as "a stay and injunction enjoining Defendants from proceeding in the underlying state court matter, currently scheduled to continue on April 1 and 2, 2025, due to lack of jurisdiction, ongoing constitutional violations, and risk of irreparable harm."  Dkt. No. 29 at 23.

1

The Court first notes that Plaintiffs' earlier motion for a TRO/preliminary injunction is not "pending"—it was denied.  *See* Dkt. No. 12.  Plaintiff's pending requests are, in substance, a repackaging of its arguments that were already denied.  Motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  The prevailing rule "recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice."  *In re C-TC 9th Ave. P'ship*, 182 B.R. at 3 (citation omitted).  "[A] motion to reconsider should not be granted where the moving party seeks solely to re[-]litigate an issue already decided."  *Shrader*, 70 F.3d at 257.  As the Court has already explained, the complaint notes that this matter is related to a previous case Plaintiffs brought, which the Court dismissed for a variety of reasons.  *See Dees v. Zurlo, et al.*, No. 1:24-cv-1 (N.D.N.Y.).  Specifically, the Court found that Plaintiffs' claims were barred by the *Rooker-Feldman* doctrine, *Younger* abstention, judicial immunity, and government attorney immunity.  The Court also found that Plaintiffs' claims against the court-appointed attorneys were subject to dismissal because such attorneys are not state actors under 42 U.S.C. § 1983, and that the various other claims were subject to dismissal for failure to state a claim.  Here, Plaintiffs are again asking this Court to intervene in an on-going state court proceeding, and have brought suit against individuals who are immune from suit.  In their pending motions, Plaintiffs have merely expressed that they are dissatisfied with this Court's prior ruling, Dkt. No. 12, and have not met the stringent requirements for reconsideration.  *See In re C-TC 9th Ave. P'ship*, 182 B.R. at 3.

Moreover, the Court notes that, to the extent Plaintiffs seek this Court's intervention is state court proceedings, the proper venue to challenge state court orders is an appeal in the appropriate state court, and not a federal lawsuit. *See Martin v. Martin*, No. 6:21-CV-0981, 2022 WL 4225219, *6 (N.D.N.Y. Sept. 13, 2022). Reconsideration is, therefore, denied.

Plaintiffs also seek leave to amend the complaint "to include newly discovered evidence." Dkt. No. 29 at 23. The deadline for Defendants to move to dismiss the complaint is set for April 7, 2023. *See* Dkt. No. 28. The request for amendment does not require emergency intervention; Plaintiffs will have the opportunity to contest Defendants' motion to dismiss and will have the opportunity to seek amendment in due course. Leave to amend the complaint at this time is denied.

Additionally, Plaintiffs seek sanctions against the New York State Attorney General's Office pursuant to Rule 11 for "willful obstruction of justice, failure to confer in violation of Local Rule 7.1(b)(2), and perpetuating a pattern of procedural misconduct to shield defendants from accountability." *See* Dkt. No. 29 at 23. "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). Plaintiffs have not articulated a proper basis upon which the Court can sanction Defendants' counsel and have failed to follow the proper procedure in making their motion. The request for sanctions is also denied.

Finally, the Court addresses Plaintiffs' motion for the undersigned's recusal. *See* Dkt. No. 30. The Court has timely addressed Plaintiffs' requests and there have been no "calculated" procedural lapses. Dkt. No. 30 at 13-14. There are no "undisclosed conflicts of interest" in this case. *Id.* at 15-20. Likewise, there have been no "procedural irregularities," judicial misconduct, or abuse of this Court's power. *Id.* at 20-22. "The judge presiding over a case is in the best

position to appreciate the implication of those matters alleged in a recusal motion." *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (1988).  The undersigned will not grant recusal simply because Plaintiffs disagree with the decisions of this Court.  *See id.* ("Litigants are entitled to an unbiased judge; not to a judge of their choosing").

Accordingly, the court hereby

**ORDERS** that Plaintiffs' Application for Order to Show Cause/Motions for Reconsideration and Vacatur Pursuant to Federal Rule of Civil Procedure 60(b), Expedited Adjudication of the Pending Motion for Preliminary Injunction and an Emergency Temporary Restraining Order (TRO) (Dkt. No. 29) and Plaintiffs' motion for Application for an Order to Show Cause/Motion for Recusal (Dkt. No. 30) are **DENIED**.

**IT IS SO ORDERED.**

Dated: March 24, 2025
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge